**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **KENIQUE D. REID,** | * |
| Petitioner, | * |
| v. | Case No.: GJH-18-3849 |
| | * |
| **MATTHEW G. WHITAKER,** *et al.*,[1] | |
| | * |
| **Defendant.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Kenique D. Reid, a native of Jamaica and a U.S. naturalization applicant, brought this action under 8 U.S.C. § 1447(b), which permits a naturalization applicant to seek relief in the District Court if the agency does not make a determination within 120 days after the naturalization interview. ECF No. 1. Pending before the Court is a Motion to Remand and Dismiss filed by Respondents Matthew G. Whitaker, United States Attorney General; Kirstjen Nielsen, Secretary of Department of Homeland Security; Lee Francis Cissna, Director of the United States Citizenship and Immigration Service ("USCIS"); and Greg L. Collett, Director of the USCIS Baltimore District Office, ECF No. 15, and a Motion for Leave to File Surreply filed by Mr. Reid, ECF No. 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Respondents' Motion to Remand and Dismiss is granted and Mr. Reid's Motion for Leave to File Surreply is denied.

---

[1] Respondents Whitaker, Nielsen, and Cissna no longer hold the offices they held at the time the Complaint was filed. Under Fed. R. Civ. P. 25(d), their successors are automatically substituted as parties.

1

## I. BACKGROUND

Mr. Reid is a native and citizen of Jamaica, and he has been a legal permanent resident of the United States since February 23, 2012. ECF No. 1 ¶ 6. On December 20, 2016, Mr. Reid submitted his Application for Naturalization to the USCIS. *Id.* ¶ 1. He was interviewed by Officer J. Sipes in the USCIS Baltimore District Office on June 7, 2017. *Id.* ¶ 2. He passed the English, U.S. history, and government tests. *Id.* Over the last year and a half, Mr. Reid has made numerous appointments with USCIS, called USCIS for updates, and made inquiries through his attorney in an attempt to get an explanation for USCIS' delay in making a determination on his application, but to no avail. *Id.* ¶¶ 4–5.

On December 14, 2018, Mr. Reid filed a Complaint requesting that the Court resolve his naturalization application pursuant to 8 U.S.C. § 1447(b). *See id.* Respondents filed a Motion to Remand and Dismiss on March 26, 2019. ECF No. 15. Mr. Reid filed a response on April 20, 2019, ECF No. 16, and Respondents filed a reply on May 3, 2019, ECF No. 17. On May 6, 2019, Mr. Reid filed a Motion for Leave to File Surreply.[2] ECF No. 20.

## II. MOTION FOR LEAVE TO FILE SURREPLY

The first issue to be considered is whether Mr. Reid's Motion for Leave to File Surreply should be granted. "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2.a (D. Md.); *see Nicholson v. Volkswagen Grp. of Am., Inc.*, No. RDB-13-3711, 2015 WL 1565442, at *3 (D. Md. Apr. 7, 2015) (citing Loc. R. 105.2.a (D. Md. 2001)) ("As a general rule, this Court will not allow parties to file sur-replies."). A "party moving for leave to file a surreply must show a need for a surreply." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-02109, 2013 WL 1224484, at *6 (D. Md. Mar. 26,

---

[2] Mr. Reid attempted to file his surreply on May 6, 2019, ECF No. 18, but it was rejected by the Clerk's Office because he had not yet received leave of the Court to file his surreply, ECF No. 19.

2

2013). "A court may permit a plaintiff to file a sur-reply if a defendant raises new legal issues or new theories in its reply brief," and "surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Nicholson*, 2015 WL 1565442, at *3 (internal punctuation omitted).

Here, Mr. Reid has not shown a need for a surreply. In their reply brief, Respondents contend that a case cited by Mr. Reid in his opposition is inapposite to this case, and they reassert that USCIS is ready to promptly resolve Mr. Reid's application and that Maryland district courts consistently remand cases under these circumstances. ECF No. 17 at 1.[3] These are not new legal issues or arguments; rather, these statements are responses to arguments Mr. Reid makes in his opposition or reaffirmations of arguments Respondents make in their opening brief. Thus, Mr. Reid has had a full opportunity to contest Respondents' arguments because they did not raise any matters for the first time in their reply brief. Mr. Reid's Motion for Leave to File Surreply is therefore denied.

### III. MOTION TO DISMISS AND REMAND

To begin the naturalization process, an applicant must first file an application for naturalization with USCIS. *See* 8 U.S.C. §§ 1445(a), (d). Following the filing of an application, USCIS is required to conduct a background investigation and examination of the applicant. *See* 8 U.S.C. §§ 1446(a), (b); 8 C.F.R. §§ 335.1, 335.2. Under normal circumstances, following the completion of the background investigation and the examination of the applicant, a USCIS official is authorized to make a determination to grant or deny the application. *See* 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3. This determination is to be made within 120 days following the initial examination of the applicant.

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

When a determination is not made within 120 days of the initial examination, an applicant may file for review of his application with a district court, pursuant to 8 U.S.C. § 1447(b). Section 1447(b) provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. *Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.*

8 U.S.C. § 1447(b) (emphasis added).

In the present case, there is no dispute that more than 120 days have passed since Mr. Reid was initially examined by an USCIS official on June 7, 2017 – over two years ago. *See* ECF No. 1 ¶ 2; ECF No. 15 ¶ 1. Instead, Respondents urge the Court to remand the matter for adjudication by USCIS claiming that USCIS is best equipped to make a determination about Mr. Reid's eligibility for naturalization and is prepared to adjudicate the application within thirty days of a court order dismissing the case. *See* ECF No. 15 ¶¶ 3, 6. In opposition, Mr. Reid asserts that Respondents have filed their Motion in bad faith for the purpose of delaying his naturalization application further and that this Court, and not USCIS, is in the best position to decide his application. *See* ECF No. 16.

The Court agrees with Respondents that USCIS "is in the best position to adjudicate naturalization applications." *Roberts v. Holder*, No. CCB–11–1941, 2012 WL 2563880, at *2 (D. Md. June 29, 2012); *see also Zhao v. Chertoff*, No. C07-1725RSL, 2008 WL 191179, at *1 (W.D. Wash. Jan. 22, 2008) (recognizing the expertise of USCIS and granting motion to remand where, like in the instant case, USCIS indicated it was prepared to adjudicate plaintiff's naturalization application in a timely manner); *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808

(E.D. Va. 2007) ("Just as the 'name check' and 'fingerprint check' are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to [US]CIS."); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 (E.D. Mich. 2006) (remanding case brought under § 1447(b) so that USCIS could exercise its expertise in analyzing results of background investigations and making naturalization determinations). The Court is also mindful of the Supreme Court's mandate that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *INS v. Ventura*, 537 U.S. 12, 16–17 (2002). Indeed, "the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to [US]CIS with appropriate instructions, rather than determine the matter." *Manzoor*, 472 F. Supp. 2d at 810 (collecting cases). Accordingly, the Court will remand Mr. Reid's case to USCIS pursuant to § 1447(b) with specific instructions that it adjudicate Mr. Reid's application within thirty days of the entry of the accompanying Order.

In remanding this case, the Court is not condoning USCIS' delay in processing Mr. Reid's naturalization application. The Court also notes that Mr. Reid is not without further recourse to the district courts. First, Mr. Reid may refile his suit if USCIS fails to comply with the Court's Order by not adjudicating his application within thirty days, as it has pledged to do. Second, Mr. Reid retains his ability to seek subsequent *de novo* review if USCIS denies his application. *See* 8 U.S.C. § 1421(c).

## IV. CONCLUSION

For the foregoing reasons, Mr. Reid's Motion for Leave to File Surreply is denied and Respondents' Motion to Remand and Dismiss is granted. This case is dismissed without prejudice. A separate Order shall issue.

Date: <u>September   30, 2019</u>                                    <u>  /s/                                              </u>
GEORGE J. HAZEL
United States District Judge